IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CEDRIC RAY JONES, § § Movant, § § v. § § UNITED STATES of AMERICA, § § Respondent. § | § § § § No. 3:18-cv-00584-B (BT) § No. 3:14-cr-00300-B-1 § § § § § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Cedric Ray Jones, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Jones's § 2255 motion, as amended, deny his other pending motions as moot, and issue a certificate of appealability.

I.

Jones pleaded guilty to six felony offenses charged in a second superseding indictment: conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a) (count one); using, carrying, and brandishing a firearm during and in relation to and possessing and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count two); interference with commerce by robbery and aiding and abetting in violation of 18 U.S.C. §§ 1951(a)

1

and 2 (count three); interference with commerce by robbery and aiding and abetting in violation of 18 U.S.C. §§ 1951(a) and 2 (count five); interference with commerce by robbery and aiding and abetting in violation of 18 U.S.C. §§ 1951(a) and 2 (count seven); and using, carrying, brandishing, and discharging a firearm during and in relation to and possessing, brandishing, and discharging a firearm in furtherance of a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 924(c)(1)(C)(i) and 2 (count eight).

On September 7, 2016, the District Court sentenced Jones to a total term of 573 months' imprisonment: 189 months' imprisonment on counts one, three, five, and seven, to run concurrently; 84 months' imprisonment on count two, to run consecutive to all counts; and 300 months' imprisonment on count eight, to run consecutive to all counts. He appealed to the Fifth Circuit Court of Appeals, but the Court dismissed his appeal as frivolous.

Jones then filed his § 2255 motion, in which he argues that his attorney provided ineffective assistance of counsel by failing to object to (1) him receiving a six-level enhancement for the use of a firearm under U.S.S.G. § 2B3.1(b)(2)(B) when he was also convicted of offenses under 18 U.S.C. § 924(c); (2) the six-level enhancement under U.S.S.G. § 3A1.2(c)(1); and (3) the Presentence Report (PSR), which called for him to receive a multiple-count adjustment because all of the counts of conviction should have been grouped together. In its response, the Government argues that Jones fails to prove that he received ineffective assistance of counsel. Jones filed a reply.

Thereafter, Jones filed a motion that the Court construed as a motion to amend under Federal Rule of Civil Procedure 15 and a request for court-appointed counsel. The Court directed the Government to file a response to Jones's motion to amend and denied without prejudice Jones's request for court-appointed counsel. On February 15, 2019, the Court administratively closed the case pending a decision by the Fifth Circuit Court of Appeals in *United States v. Davis*, No. 18-431 (U.S.), which was scheduled for oral argument before the Supreme Court on April 17, 2019. On July 18, 2019, the Court reopened the case and directed the Government to respond to Jones's amended § 2255 motion following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).

The Government responded to Jones's new claim that one of his convictions under 18 U.S.C. § 924(c) is invalid because it was predicated on a conspiracy to commit Hobbs Act robbery. The Government argues that Jones's *Davis* claim is barred by the collateral-review waiver in his plea agreement. Jones filed a reply, and the § 2255 motion is ripe for determination.

II.

**1. Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, a movant must show that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly

3

deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if he proves his counsel's performance was deficient, a movant must still prove prejudice. To prove prejudice, a movant must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

In his first claim, Jones argues that his attorney provided ineffective assistance of counsel by failing to object to a six-level enhancement for the use of a firearm under U.S.S.G. § 2B3.1(b)(2)(B) when he was also convicted of offenses under 18 U.S.C. § 924(c).

Sentencing Guideline § 2B3.1(b)(2)(A-F) includes enhancements for sentencing in a robbery conviction for the use of a firearm, dangerous weapon, or express death threats by the defendant during the course of a robbery. *United States v. Franks*, 230 F.3d 811, 813 (5th Cir. 2000). But where a defendant convicted of robbery is also convicted under § 924(c) for the use of a firearm in

4

connection with that robbery and sentenced under the mandatory provisions for that offense, "any specific offense characteristic for possession, use, or discharge of a firearm . . . is not to be applied in respect to the guideline for the underlying offense." *Id.* (citing U.S.S.G. § 2K2.4, Application Note 2). And the Fifth Circuit has held that "the offense level for robbery may not be enhanced for the use of a firearm if the defendant has also been convicted of using a firearm during that robbery, which carries a mandatory sentence." *Id.* at 814 (citing *United States v. Washington*, 44 F.3d 1271, 1280 (5th Cir. 1995); *United States v. Rodriquez*, 65 F.3d 932, 933 (11th Cir. 1995)). In this case, Jones was convicted of several robberies, and some of those convictions also involved convictions for the use of a firearm. The PSR shows that the guideline calculation was enhanced only for those robberies where Jones was not also convicted under § 924(c). Where Jones also was convicted under § 924(c), for example with respect to counts one and seven, the PSR did not include a firearms-use enhancement. Consequently, the PSR correctly calculated the guideline range, and Jones has failed to demonstrate that his attorney provided deficient performance by failing to object to the application of U.S.S.G. § 2B3.1(b)(2)(B) to him at sentencing. Similarly, he cannot demonstrate prejudice.

Jones argues in his second claim that he should not have received a six-level enhancement under U.S.S.G. § 3A1.2(c)(1). He concludes that if his

5

attorney had properly objected, it is possible he could have received a lower sentence.

A six-level enhancement was properly applied to Jones under U.S.S.G. § 3A1.2(c)(1) because his offense involved a substantial risk of serious bodily injury to a law enforcement officer. As the PSR notes, while Jones was attempting to flee a robbery at an AutoZone, he and a codefendant engaged police in a car chase. (PSR ¶ 47.) During the chase, Jones's codefendant fired on police with an assault rifle, and two patrol cars were hit multiple times. (*Id.*) The enhancement was properly applied to Jones due to the status of the victims, as law enforcement officers, and not because a firearm was used. *See* U.S.S.G. § 3A1.2(c)(1). For these reasons, Jones has failed to demonstrate that his attorney provided deficient performance by failing to object to the application of U.S.S.G. § 3A1.2(c)(1). Also, he cannot show prejudice.

In his third claim, Jones argues that his attorney provided ineffective assistance of counsel when he failed to object to the PSR, which called for him to receive a multiple-count adjustment because he believes that all of the counts of conviction should have been grouped together. He concludes that this sentencing error entitles him to be re-sentenced.

The guidelines specifically exclude robbery from the grouping rules. *United States v. Courrtez Martin*, 794 F. App'x 432, 434 (5th Cir. 2020) ("Guideline § 2B3.1 (robberies) is '[s]pecifically excluded' from Guideline § 3D1.2 (grouping of closely-related conduct) meaning different robberies are not

6

required to be grouped together for sentencing purposes.") (quoting U.S.S.G. § 3D1.2(d)). Because all the counts of conviction were properly not grouped here, any objection from his attorney on this issue would have been meritless. Therefore, Jones has failed to demonstrate that his attorney's failure to object was deficient representation, and he has also failed to show that he suffered any prejudice from his attorney's failure to object. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim[.]").

### 2. *Davis* Claim

Jones's amended § 2255 motion raises a *Davis* claim. In *Davis*, the Supreme Court found the residual clause of the "crime of violence" definition contained in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally void for vagueness. The holding in *Davis* applies retroactively to cases on collateral review. *See United States v. Reece*, 938 F.3d 630, 634-35 (5th Cir. 2019).

The Government concedes that after *Davis*, Jones's § 924(c) conviction, which was predicated on his conviction for conspiracy to commit Hobbs Act robbery, is "problematic" because a conspiracy to commit Hobbs Act robbery does not satisfy § 924(c)(3)(A), and § 924(c)(3)(B) can no longer support it. (ECF No. 22 at 3) (citing *United States v. Lewis*, 907 F.3d 891, 894-95 (5th Cir. 2018) (holding that a conspiracy to commit Hobbs Act robbery does not satisfy § 924(c)(3)(A)'s force clause)). The Government argues, however, that Jones

7

waived his right to collaterally attack his sentence except to challenge the voluntariness of his plea or claim ineffective assistance of counsel. For the following reasons, the Court agrees.

On December 3, 2015, Jones pleaded guilty pursuant to a written plea agreement. The plea agreement specifically included the following waiver provision:

> **Waiver of right to appeal or otherwise challenge sentence:** Jones waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his convictions and sentences. He further waives his right to contest his convictions and sentences in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Jones , however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing (b) to challenge the voluntariness of his pleas of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

(CR ECF No. 74 at 7) (emphasis in original). However, Jones's *Davis* claim does not specifically fall within any of the reservation of rights contained in his plea agreement waiver provision.

The Fifth Circuit upheld the informed and voluntary waiver of post-conviction relief in *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). More recently, the Fifth Circuit noted that it has upheld § 2255 waivers except for ineffective assistance of counsel claims that affect the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum. *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004).

In this case, there is no indication from the record that Jones's collateral-review waiver was not informed and voluntary. In fact, in his plea agreement, Jones acknowledged his guilty plea was "freely and voluntarily made and [is] not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentences the Court will impose." (CR ECF No. 74 at 6.) Jones additionally acknowledged that he had "thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation . . . [he] has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement." (CR ECF No. 74 at 7.) Jones then conceded "that he is guilty, and after conferring with his lawyer, [he] has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case." (*Id.*)

The Fifth Circuit Court of Appeals has not specifically ruled on the validity of a collateral-review waiver in the context of *Davis*, but the Court recently addressed a case that is otherwise comparable and instructive here: *United States v. Barnes*, 953 F.3d 383 (5th Cir. 2020).[1] In *Barnes*, the movant pleaded guilty

---

[1] The Fifth Circuit recently held that a *Davis* claim did not fall within the terms of an appellate rights waiver in a plea agreement. *See United States v. Picazo-Lucas*, 821 F. App'x 335 (5th Cir. 2020) (per curiam). However, that decision, which is unpublished, is not controlling here because it was made in the context of a direct appeal.

pursuant to a plea agreement and waived his right to challenge his conviction and sentence, directly and collaterally, and he was sentenced under the Armed Career Criminal Act (ACCA). 953 F.3d at 385. Then, in *Johnson v. United States*, 576 U.S. 591 (2015), the Supreme Court held the ACCA's residual clause to be unconstitutional. *Barnes*, 953 F.3d at 385. Barnes filed a motion under 28 U.S.C. § 2255, which was based on *Johnson*. *Barnes*, 953 F.3d at 385. The district court dismissed Barnes's petition, and he appealed. *Id*.

Before the Fifth Circuit Court of Appeals, Barnes attempted to attack the validity of his waiver by arguing that he could not waive a right that was unknown at the time of his waiver. *Id*. at 386-87. The Court noted his argument was foreclosed by *United States v. Burns*, 433 F.3d 442 (5th Cir. 2005), which held that "an otherwise valid appeal waiver is not rendered invalid, or inapplicable to an appeal seeking to raise a *Booker* . . . issue (whether or not that issue would have substantive merit), merely because the waiver was made before *Booker*." *Barnes*, 953 F.3d at 387. The Court also noted that "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea resulted on a faulty premise." *Id*. at 387 (quoting *Brady v. United States*, 397 U.S. 742, 757 (1970)). The Court pointed out that it had only recognized two exceptions to the general rule that a knowing and voluntary appellate and collateral-review waiver is enforceable: (1) ineffective assistance of counsel, and (2) a sentence exceeding the statutory maximum. *Id*. at 388-89. In another attempt to attack the validity of his waiver, Barnes argued that

10

his sentence was unlawfully imposed because, following the Supreme Court's decision in *Johnson*, it violated the Constitution. *Id.* at 389. The Court found "that doesn't get [Barnes] out from under the collateral-review waiver to which he agreed." *Id.* The Court further found that this is so because "defendants can waive the right to challenge both illegal and unconstitutional sentences." *Id.* Finally, Barnes argued that his waiver should not be enforced due to the "miscarriage of justice" exception. *Id.* The Court refused to apply the exception, noting that although other circuits recognize such an exception, the Fifth Circuit has declined to explicitly adopt or reject it. *Id.* (citing *United States v. Ford*, 688 F. App'x 309, 309 (5th Cir. 2017) (per curiam)). Ultimately, the Fifth Circuit held that Barnes's § 2255 motion was barred by his collateral-review waiver, and his appeal was dismissed. *Id.* at 390.

In sum, Jones's plea was knowing and voluntary, and his *Davis* claim is barred by the collateral remedy waiver in his plea agreement. *See Brooks v. United States*, 2020 WL 1855382, at *3-*4 (N.D. Tex. Mar. 2, 2020) (Toliver, M.J.) (holding collateral remedy waiver barred movant's *Davis* claim), *rec. adopted* 2020 WL 1848050 (N.D. Tex. Apr. 13, 2020) (Lynn, C.J.); *see also Kimble v. United States*, 2020 WL 4808608, at *2 (E.D. Tex. June 25, 2020), *rec. adopted*, 2020 WL 4793243 (E.D. Tex. Aug. 17, 2020) (same); *Hernandez v. United States*, 2020 WL 4782336, at *2 (E.D. Tex. June 16, 2020), *rec. adopted*, 2020 WL 4747720 (E.D. Tex. Aug. 15, 2020) (same).

At least one court in this district has found that, with respect to a *Davis* claim, the collateral remedy waiver is unenforceable under the miscarriage of justice exception. *See Thompson v. United States*, 2020 WL 1905817 (N.D. Tex. Apr. 17, 2020) (Kinkeade, J.) (relying on the miscarriage of justice exception to grant relief); *Pearson v. United States*, 2020 WL 1905239 (N.D. Tex. Apr. 17, 2020) (Kinkeade, J.) (same). Here, however, the Court should decline to apply the miscarriage of justice exception because the Fifth Circuit Court of Appeals recently held: "Though some circuits recognize [the miscarriage of justice] exception, we have declined explicitly either to adopt or reject it." *Barnes*, 953 F.3d at 389 (citing *Ford*, 688 F. App'x at 309); *see also United States v. Flores*, 765 F. App'x 107, 108 (5th Cir. 2019) ("[W]e repeatedly have declined to apply the miscarriage of justice exception.") (citing *United States v. Arredondo*, F. App'x 243, 244 (5th Cir. 2017); *United States v. De Cay*, 359 F. App'x 514, 516 (5th Cir. 2010)); *United States v. Powell*, 574 F. App'x 390, 394 (5th Cir. 2014) (per curiam) (noting that the Fifth Circuit has found it unnecessary to adopt or reject analysis under the miscarriage of justice) (citing *United States v. Riley*, 381 F. App'x 315, 316 (5th Cir. 2010)). For these reasons, Jones's *Davis* claim is waived.

## **Certificate of Appealability**

A certificate of appealability (COA) will be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 330 (2003); *accord Foster v. Quarterman*, 466 F.3d 359, 364 (5th Cir. 2006). The applicant makes a substantial

showing if he demonstrates "that jurists of reason could debate the propriety of the district court's assessment of his constitutional claims or conclude that his claims are 'adequate to deserve encouragement to proceed further.'" *United States v. Wainwright*, 237 F. App'x 913, 914 (5th Cir. 2007) (per curiam) (quoting *Miller-El*, 537 U.S. at 327); *see Foster*, 466 F.3d at 364.

Considering the Supreme Court's decision in *Davis* and the specific facts of this case, "jurists of reason could debate the propriety" of the recommendations contained herein and conclude "that [the] claims are adequate to deserve encouragement to proceed further." Therefore, Jones should be granted a COA on the following issues: (1) whether the collateral-review waiver in his plea agreement bars his *Davis* claim; and (2) whether the collateral-review waiver is unenforceable under the miscarriage of justice exception.

### III.

For the foregoing reasons, the Court should DENY the motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255, as amended, and deny any pending motions as moot. A certificate of appealability should be GRANTED.

Signed December 10, 2020.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).